The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CROWLEY MARINE SERVICES, INC., a
Delaware corporation; and 8th AVENUE
TERMINALS, INC., a California corporation,

Plaintiffs,

v.

DENOVO SEATTLE LLC, a Delaware limited
liability company,

Defendant.

No. 2:16-CV-00065-RSM

**OBJECTION TO MOTION FOR
APPOINTMENT OF RECEIVER**

Defendant DeNovo Seattle LLC ("DeNovo"), by and through its attorneys, Foster Pepper
PLLC, submits this objection (this "Objection") to the *Motion for Appointment of Receiver*
([Dkt. No. 11], the "Motion").  DeNovo incorporates in this Objection the Declaration of Lori A.
Prokes in Support of Defendant's Objection (the "Prokes Declaration")[1] filed contemporaneously
herewith, and respectfully states as follows:

## I.    PRELIMINARY STATEMENT

1.  This is a simple case of seller's remorse, commenced by simple contract creditors,
who are now simply dissatisfied with the contractual terms, rights, and security they negotiated,

---

[1]      Capitalized terms not defined in this Objection shall have the meanings ascribed to them in the Prokes
Declaration and, if not otherwise defined in the Prokes Declaration, the Motion.

**OBJECTION TO MOTION FOR APPOINTMENT OF
RECEIVER** - 1
Case No. 2:16-CV-00065-RSM

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

and to which they agreed, less than a scant two years ago.  In 2014, pursuant to the Sale Agreement, Plaintiffs sold the Property to DeNovo in exchange for cash and certain post-sale obligations, including indemnification from DeNovo in connection with certain environmental liabilities.  As security for DeNovo's indemnification obligations, Plaintiffs negotiated, and DeNovo agreed to provide, the $4 million Letter of Credit.

2.  Now, in 2016, Plaintiffs find themselves unhappy with the deal they struck and are asking for a "do-over."  Plaintiffs ask this Court to substantially rewrite the Sale Agreement in order that Plaintiffs might claim for themselves the substantial increase in value to the Property created by DeNovo's efforts during the 23 months since the Sale Agreement.  Meanwhile, nothing has happened nor has DeNovo done anything to the Property to materially adversely affect the Property's condition or increase the amount of DeNovo's related obligations to Plaintiffs.  Nevertheless, Plaintiffs now claim they will suffer a host of speculative future damages, which remain contingent, remote, and for which Plaintiffs offer no admissible evidence, by way of abandoning their negotiated rights under the Sale Agreement and seeking a legally unsustainable appointment of receiver to seize the Property and do Plaintiffs' bidding.

3.  Had Plaintiffs wanted post-sale rights or interests in the Property, they could have negotiated and conditioned the Sale Agreement on precisely that.  Plaintiffs did not.  If Plaintiffs feared that a larger Letter of Credit was needed to secure DeNovo's obligations, Plaintiffs had the necessary information to assess that risk and negotiate the Sale Agreement accordingly.  Plaintiffs did not.

4.  Plaintiffs cannot now equitably claim entitlement to appointment of a receiver based on circumstances that were under Plaintiffs control and of Plaintiffs' own making.  The only "harm" to Plaintiffs if the Court does not appoint a receiver is no harm at all:  Plaintiffs will have exactly the contractual rights and security for which they bargained and their existing inchoate unsecured claims will remain exactly that.  The Motion should be denied.

**OBJECTION TO MOTION FOR APPOINTMENT OF RECEIVER** - 2
Case No. 2:16-CV-00065-RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51498247.4

1

## II.     ARGUMENT

**A.     Legal Standard for Appointment of Receiver**

5.     The Ninth Circuit holds that under Federal Rule 66, "federal law governs the issue of whether to appoint a receiver in a diversity action."  *See Canada Life Assurance Co. ("Canada Life") v. LaPeter*, 563 F.3d 837, 843 (9th Cir. 2009).  Federal Rule 66 provides:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued.  But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule.

Fed. R. Civ. P. 66.  There is "no precise formula" for determining whether appointment of a receiver is necessary, and federal courts consider a variety of factors, including:

> (1) whether the party seeking the appointment has a valid claim;
>
> (2) whether there is fraudulent conduct or the probability of fraudulent conduct, by the defendant;
>
> (3) whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered;
>
> (4) whether legal remedies are inadequate;
>
> (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment;
>
> (6) the plaintiff's probable success in the action and the possibility of irreparable injury to the plaintiff's interest in this property; and,
>
> (7) whether the plaintiff's interests sought to be protected will in fact be well-served by receivership.

*See Canada Life*, 563 F.3d at 844 (internal quotations omitted).

6.     The Ninth Circuit holds that Federal Rule 66 "prevails over state law to the extent it applies," but "does not provide a different standard for the appointment of a receiver than the one found under Washington law."  *See Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 999 (9th Cir. 2014).    Accordingly, the Court may consider Washington law.  *See id.* (applying

OBJECTION TO MOTION FOR APPOINTMENT OF
RECEIVER - 3
Case No. 2:16-CV-00065-RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51498247.4

1    Washington law); *see also LDK Solar Co., Ltd. ("LDK Solar") v. Silicon & Solar, LLC*, 2009

2    WL 936463, *1, Case No. 3:09-cv-05077-BHS (W.D. Wash. Apr. 7, 2009) (same).

3         7.   Under the Washington Act Relating to Receiverships (Wash. Rev. Code. §§ 7.60.005-

4    7.60.300, the "Receivership Act"), a court **may** appoint a receiver, but **only** if the court first

5    determines that (i) appointment is "reasonably necessary," (ii) "other remedies either are not

6    available or are inadequate," and (iii) the presence of one or more enumerated circumstances has

7    been established, including, in relevant part, the grounds on which Plaintiffs rely:

8              (a) On application of any party, when the party is determined to have a
               probable right to or interest in property that is a subject of the action and
9              in the possession of an adverse party, or when the property or its revenue-
               producing potential is in danger of being lost or materially injured or
10             impaired. . . .; or

11             (nn) In such other cases as may be provided for by law, or when, in the
               discretion of the court, it may be necessary to secure ample justice to the
12             parties.

13   *See* Wash. Rev. Code. § 7.60.025(1); Motion at 7:7-16.

14        8.   The Court's power to appoint a receiver is discretionary.  *See Canada Life*, 563 F.3d

15   at 844.  The Court's discretion should only be exercised with great caution because appointment

16   of a receiver is an "extraordinary equitable remedy."  *See Canada Life*, 563 F.3d at 844; *King

17   Cnty. Dept. of Cmty. & Human Servs v. Nw. Defenders Ass'n*, 75 P.3d 583, 586 (Wash. Ct. App.

18   2003) (discretion to appoint receiver "should be exercised with caution"); 12 Charles Alan

19   Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2983 (Rev. ed. 2015) (receiver an

20   "extraordinary remedy that should be employed with the utmost caution").

21   **B.    Plaintiffs Have Unexhausted Legal Remedies and Lack Interest in Property**

22        9.   Plaintiffs are not entitled to appointment of a receiver for two related reasons.  First,

23   Plaintiffs have unexhausted legal remedies for their underlying claims.  As a result, Plaintiffs'

24   claims also do not support a legally sufficient interest in the Property.  Both defects are fatal.

25

26

**OBJECTION TO MOTION FOR APPOINTMENT OF
RECEIVER** - 4
Case No. 2:16-CV-00065-RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51498247.4

1

### 1.    Applicable Legal Standard

2      10. Courts have long recognized two classes of creditors holding sufficient legal rights in

3   property to serve as a basis for appointment of a receiver.  First, secured creditors, lienholders

4   and mortgagees "clearly have an interest in the property in which they have a security interest."

5   *See Netsphere, Inc. v. Baron*, 703 F.3d 296, 306 (5th Cir. 2012) (internal quotations omitted);

6   *Grays Harbor Commercial Co. ("Grays Harbor") v. Fifer*, 166 P. 770, 772 (Wash. 1917).

7   Second, courts recognize the interests of judgment creditors.  *See Pusey & Jones Co. v. Hanssen*,

8   261 U.S. 491, 497 (1923); *Grays Harbor*, 166 P. at 772.

9      11. In contradistinction, courts have long held that "***a simple contract creditor has . . . no***

10  ***substantive right, legal or equitable, in or to the property of his debtor***."  *See Pusey & Jones*

11  *Co.*, 261 U.S. at 497 (emphasis supplied).  As the Supreme Court explained:

12         The only substantive right of a simple contract creditor is to have his debt
           paid in due course. His adjective right is, ordinarily, at law. ***He has no***
13         ***right whatsoever in equity until he has exhausted his legal remedy***. After
           execution upon a judgment recovered at law has been returned unsatisfied,
14         he may proceed in equity[.]

15  *See id.* (emphasis supplied); *see also* Wright & Miller, *supra*, § 2983 (simple contract creditor

16  not entitled to appointment receiver "***even if he demonstrates the inadequacy of his remedy at***

17  ***law***" because he lacks sufficient interest in debtor's property) (emphasis supplied).

18         Until a creditor has obtained a judgment at law for his demand against the
           debtor, and the return of an execution unsatisfied, ***an action in equity will***
19         ***not lie to reach assets and apply them to the payment of a moneyed***
           ***demand arising upon a contract***, express or implied. Allegations of
20         insolvency do not change this rule.

21   *See Grays Harbor*, 166 P. at 772 (reversing order appointing receiver) (emphasis supplied).

22  *LDK Solar*, a 2009 case from this district, is instructive.

23      12. In *LDK Solar*, the plaintiff commenced an action for breach of contract, alleging that

24  it had advanced over $5.7 million to the defendant for undelivered goods and requesting

25  appointment of a receiver under the Receivership Act.  *See LDK Solar*, 2009 WL 936463 at *2.

26  In opposition, the defendant alleged that (i) it was continuing to make efforts to satisfy its

**OBJECTION TO MOTION FOR APPOINTMENT OF
RECEIVER** - 5
Case No. 2:16-CV-00065-RSM

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51498247.4

1  delivery obligations, (ii) specific performance "would likely cost only $700,000 and not $5

2  million," and (iii) there were "secured creditors whose claims have priority over [Plaintiff's]

3  unsecured claims." *See id.* at *1-2 (internal quotations omitted).  The defendant conceded,

4  however, that "it [met] the definition of insolvent." *See id.* at *1 (quoting Wash Rev. Code

5  § 7.60.025(1)(i), permitting appointment of receiver over property of insolvent defendant).

6  Consequently, the plaintiff only needed to establish that (i) appointment of a receiver was

7  "reasonably necessary" and (ii) plaintiff had exhausted its available legal remedies. *See id.*

8       13. Relying on *Grays Harbor*, Judge Settle declined to appoint a receiver because the

9  plaintiff was "attempting to reach Defendant's assets in satisfaction for the breach of an express

10  sales contract" by "requesting that the Court exercise its equitable powers to enforce a noticeably

11  absent provision of the parties' contract."  *See LDK Solar*, 2009 WL 936463 at *2

12  (distinguishing from case in which petitioning creditor had recovered money judgment).

13  Accordingly, and taken together with the defendant's allegations, the court determined that the

14  plaintiff failed to show that appointment of a receiver was appropriate. *Id*.

15       **2.    Plaintiffs Have Failed to Pursue or Exhaust Other Available Remedies**

16       14. Plaintiffs have explicitly acknowledged and threatened to exercise their other

17  available legal and contractual remedies against DeNovo.  *See* Crowley Demand Letter at 3

18  (stating that "Crowley intends to pursue, and expressly reserves, all its available rights and

19  remedies under the [Sale Agreement], including, but not limited to, filings liens against DeNovo,

20  filing suit against DeNovo, and/or drawing on the Letter of Credit pursuant to Section 7.4(c) of

21  the [Sale Agreement].")  Yet Plaintiffs have not pursued any of these other remedies against

22  DeNovo, to say nothing of exhausting such remedies.  *See* Prokes Decl. ¶ 12.

23       15. The Motion does not mention or explain why Plaintiffs have failed to pursue their

24  other plainly available remedies.  To the extent Plaintiffs' claims are inchoate or too contingent

25  to even permit exercise of Plaintiffs' contractual rights or sustain an action for breach, Plaintiffs

26  cannot rely—as the Motion does—on those same claims to support appointment of a receiver.

**OBJECTION TO MOTION FOR APPOINTMENT OF
RECEIVER** - 6
Case No. 2:16-CV-00065-RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

16. Plaintiffs are simple contract creditors who have not exhausted or even pursued other available remedies for their purported claims.  Plaintiffs' failure to exhaust other remedies is fatal to their request for the extraordinary equitable remedy of appointment of a receiver.  Additionally, Plaintiffs' failure to exhaust their legal remedies is also the reason Plaintiffs' claims do not give rise to an interest in property sufficient to support appointment of a receiver.

### 3.      Plaintiffs Are At Most "Simple Contract Creditors"

#### a.      No Legal Authority Supports Plaintiffs Alleged "Interest" in Property

17. The Motion begins its legal analysis by stating that "[a]lthough interest' is not defined in the [Receivership Act], . . . ."  Motion at 8:26.  Puzzlingly, the Motion does not then proceed to consider the wealth of directly applicable decisional law and learned treaties, discussed above, to have considered the subject.  Rather, the Motion appears to treat the meaning of "interest" as a novel matter of first impression, baldly asserting that Plaintiffs' "shared environmental obligations related to this Property, coupled with DeNovo's agreement to indemnify [Plaintiffs] from those obligations, creates a direct interest of the indemnitees in the Property and in securing a known source of payment for future cleanup expenses."  *Id.* at 8:26-9:3.

18. Plaintiffs do not explain how this tangle of obligations and alleged "interests" creates any of the property interests sufficient to appoint a receiver, as recognized and affirmed by over a century of precedent from the United States Supreme Court, Federal Courts of Appeal, and Washington Supreme Court.  Nor do Plaintiffs cite any legal or other authority to support their peculiar concept of "interest in property," which is striking in view of the abundant wealth of legal authority that directly rejects Plaintiffs' position.

#### b.      Plaintiffs Have No Interest in Property as a Matter of Law

19. Plaintiffs do not claim to hold title or any other ownership interest in the Property.  Plaintiffs do not claim to hold any security interest, lien, or mortgage against the Property.  Plaintiffs do not claim to be judgment creditors of DeNovo and therefore have not executed or obtained a judicial lien on the Property.  In other words, Plaintiffs do not claim to hold any of the

**OBJECTION TO MOTION FOR APPOINTMENT OF RECEIVER** - 7
Case No. 2:16-CV-00065-RSM

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51498247.4

interests that courts, including the Supreme Courts of the United States and of Washington, recognize as constituting an interest in property sufficient to support appointment of receiver.

20. To the contrary, Plaintiffs claim an interest by virtue of being simple contract creditors.  Specifically, all of Plaintiffs claims are rooted in their rights under the indemnity, letter of credit, and related provisions under the Sale Agreement.  As explained above, that is precisely what courts have consistently and expressly held is ***not*** an interest in property sufficient to warrant appointment a receiver.  "[A] simple contract creditor has . . . no substantive right, legal or equitable, in or to the property of his debtor."  *See Pusey & Jones Co.*, 261 U.S. at 497.

21. Plaintiffs have no more interest in property or entitlement to appointment of a receiver than did the plaintiff in *LDK Solar*.  Indeed, Plaintiffs' claims are less cognizable and more ephemeral than even the breach of contract claim at issue in *LDK Solar*.  Here, Plaintiffs seek indemnification based on Ecology's demand for payment of approximately $200,000.00.  Yet Plaintiffs do not claim to have paid Ecology or suffered any resulting damages.  *See* Prokes Decl. ¶¶ 8-9, 12.  Furthermore, Plaintiffs' claims for indemnification and security for claimed millions of dollars in future damages—the true basis for the Motion—are utterly baseless and even more attenuated.  Such claims are inchoate, contingent, unliquidated, speculative, and not colorable.  Even if such claims were colorable, they would still be unsecured by any legally cognizable interest in the Property or proceeds therefrom.

22. What the Motion characterizes as "an interest" in the Property is nothing more than Plaintiffs' *desire* for an interest in the Property, which Plaintiffs do not have and to which they are not legally entitled.  Here, as in *LDK Solar*, Plaintiffs ask that the Court "exercise its equitable powers to enforce a noticeably absent provision of the parties' contract."  *See LDK Solar*, 2009 WL 936463 at *2.  Specifically, Plaintiffs ask that the Court preemptively seize DeNovo's Property for the purpose of securing Plaintiffs contingent future claims in simple contract, which would otherwise be unsecured by any interest in the Property.  The Motion seeks as relief a necessary condition—absent in this case—to obtaining such relief.

**OBJECTION TO MOTION FOR APPOINTMENT OF RECEIVER** - 8
Case No. 2:16-CV-00065-RSM

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51498247.4

23. The law is clear and well established.  Plaintiffs do not hold, and do not allege themselves to hold, an interest in the Property that would permit appointment of a receiver under either federal law or section 7.60.025(1)(a) of the Receivership Act.[2]  The law cautiously permits courts to appoint receivers to protect existing rights in property, not to create new rights in property where there were none before.  *See Solis v. Matheson*, 563 F.3d 425, 437 (9th Cir. 2009) (receiver should be appointed "only in cases of clear necessity to protect plaintiff's interests in the property.").  Moreover, as in *LDK Solar*, Plaintiffs' failure to exhaust other legal remedies and lack of requisite interest in property also undermines Plaintiffs ability to establish that appointment of a receiver is necessary, whether generally or to "secure ample justice."

## C.   Appointment of a Receiver is Not Reasonably Necessary

24. Plaintiffs also fail to establish that appointment of a receiver is necessary.  In addition to showing an interest in property, factors supporting necessity include fraudulent conduct on the part of the defendant, imminent danger of the property being lost as a result of defendant's neglect, waste, or misconduct, inadequacy of available legal remedies, or that the balance of equities favors the plaintiff.  *See* Wright & Miller, *supra*, § 2983 (citations omitted); *accord Grays Harbor*, 166 P. at 772 (stating necessity must be established by evidence and explaining "[t]he mere statement that there is danger of fraud, mismanagement, etc., is not sufficient.").

### 1.   Plaintiffs Fail to Show Necessity of Appointment of Receiver

25. Plaintiffs do not allege fraud by DeNovo with respect to the Property.  Plaintiffs only claim, but offer no compelling evidence to support, their "justified fear" that the Property is in imminent danger of being lost or dissipated.  Rather, Plaintiffs support their wholly speculative fear that the Property might in the future be lost with the same allegations that support their

---

[2]   Plaintiffs assert, but cannot establish, an interest in the revenue production allegedly at risk.  *See* Motion at 19:12-13.  As explained above, Plaintiffs do not have an interest in the Property, nor any interest in the rents, profits, or revenue-producing potential therefrom.  Accordingly, Plaintiffs cannot rely on this factor as a basis for appointment of a receiver.  *See Union Boom Co. v. Samish River Boom Co.*, 74 P.53, 55 (Wash. 1903) ("[A] receiver may properly be appointed where there is imminent danger of loss of rents and profits . . . *and where the legal title to the property appears to be in the plaintiff*.") (emphasis supplied).

**OBJECTION TO MOTION FOR APPOINTMENT OF RECEIVER** - 9
Case No. 2:16-CV-00065-RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51498247.4

claims as simple contract creditors.  DeNovo's failure, to date, to pay on the approximately $200,000.00 demand made by Ecology does not necessitate appointment of a receiver because, as discussed, above, Crowley has adequate remedies at law and under the Sale Agreement, including recourse and ample security in the Letter of Credit.  Further, DeNovo disputes Plaintiffs' allegations that DeNovo has defaulted under its own performance obligations under the Agreed Order.  *See* Prokes Decl. ¶¶ 7-11.  Finally, Plaintiffs' assertions that they would be without recourse *if* the Property is sold and *if* DeNovo defaults on its obligations are baseless, speculative, and false.  To the contrary, Plaintiffs specifically negotiated for recourse in the form the Letter of Credit when the Sale Agreement was signed less than two years ago.  That Plaintiffs now believe the Letter of Credit to be inadequate security hardly warrants appointment of a receiver.

26. Plaintiffs' speculation that liabilities associated with the Property exceed the total value of the Property is irrelevant and unsupported by evidence.  Plaintiffs offer no admissible evidence to support their entirely speculative claims.  Plaintiffs' only support for their dire predictions is SLR International Corp. 1-1/2 page letter (the "SLR Letter") estimating costs for future actions at the Property and LDW sites, which was attached as Exhibit 8 to the Smith Declaration and is inadmissible hearsay under the Federal Rules of Evidence.  *See* Fed. R. Evid. 802.  Notably, SLR based its cost estimates on its "previous experience" at the site from 2008 through 2014, the years during which Plaintiffs owned the Property before selling to DeNovo. *See* SLR Letter.  Plaintiffs had all of the same information at the time they entered into the Sale Agreement and agreed to take the Letter of Credit to secure DeNovo's obligations.[3]  Plaintiffs may now have "seller's remorse" because they did not negotiate for more or different security, but seller's remorse does not support a determination that appointment of a receiver is necessary.

---

[3]     For example, Plaintiffs complain that DeNovo is a single purpose holding company, Motion at 9:13, even though that was known to Plaintiffs at the outset and remains unchanged.  Also, after this action was commenced, Crowley admitted to DeNovo that Plaintiffs "knew" that DeNovo would not have purchased the Property had Plaintiffs required a Letter of Credit in excess of $4,000,000.00.  *See* Prokes Decl. ¶ 13.

**OBJECTION TO MOTION FOR APPOINTMENT OF RECEIVER** - 10
Case No. 2:16-CV-00065-RSM

27. As in *LDK Solar*, the Court should not appoint a receiver to enforce a conspicuously missing term—security in the Property or a larger Letter of Credit—in the Sale Agreement. And, as in *LDK Solar*, DeNovo (i) disputes and has a right to defend itself against Plaintiffs' unsubstantiated allegations and (ii) has other secured creditors.  Accordingly, as in *LDK Solar*, "Plaintiff has failed to show that the appointment of a receiver for Defendant is appropriate at this time."  *See LDK Solar*, 2009 WL 936463 at *2.

**D.**   **Appointment of Receiver is Not Necessary to Secure Ample Justice to Parties**

28. Plaintiffs also fail to establish that appointment of a receiver is "necessary to secure ample justice to the parties," the Receivership Act's equitable catch-all circumstance under which a court may have discretion to appoint a receiver.[4]   *See* Wash Rev. Code § 7.60.025(1)(nn).  "Ample justice" is not defined by statute and Washington courts have not elaborated on the standard.  The Ninth Circuit has compared it to a determination that the balance of equities favors appointment of a receiver.  *See Hendricks & Lewis PLLC*, 766 F.3d at 1000.[5]  Here, the balance of equities weighs strongly against appointment of a receiver.

29. Plaintiffs ask that the Court oust DeNovo from control over the Property—DeNovo's sole principal asset—in favor of a receiver appointed for the purpose of forcibly selling and completely dispossessing DeNovo of the Property.  DeNovo, itself, is in active negotiations with CenterPoint regarding a possible sale of the Property, but has not reached final terms of a sale and no purchase and sale agreement has been signed.  *See* Prokes Decl. ¶ 5.  The mere existence of this action materially harms DeNovo's ability negotiate such a sale, on any terms, limiting DeNovo's legal rights to control, use, and transfer the Property.  *Id.* at ¶ 6.  Further, Plaintiffs ask that the appointed receiver escrow and retain control over ***ALL*** proceeds from any sale of the Property, apparently for "up to 17 years."   *See* Motion at 6:21-23; 10:20-21.   Clearly,

---

[4]   Regardless, Plaintiffs' failure to exhaust other available adequate remedies or show that a receiver is "reasonably necessary" is fatal to the Motion.  *See* Wash Rev. Code § 7.60.025(1).

[5]   In *Hendricks*, the court upheld appointment of a receiver sought by a judgment lien creditor.  *See Hendricks & Lewis PLLC*, 766 F.3d at 999-1000.  The case is easily distinguished on that and other material facts.

**OBJECTION TO MOTION FOR APPOINTMENT OF RECEIVER** - 11
Case No. 2:16-CV-00065-RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51498247.4

1    appointment of a receiver would cause direct, tangible, and significant lasting harm to DeNovo.

2         30. In contrast, the alleged harm to Plaintiffs, should the Court decline to appoint a

3    receiver, is speculative, remote, and contingent.  The Motion makes very clear that the sole harm

4    meant to be addressed by a receiver is the contingent possibility that Plaintiffs may in the future

5    have contractual indemnity claims against DeNovo not fully secured by the Letter of Credit.  *See*

6    Motion at 5-7.  In truth, the only "harm" to Plaintiffs if the Court does not appoint a receiver is

7    no harm at all:  Plaintiffs will have exactly the contractual rights and security for which they

8    bargained and their existing inchoate unsecured claims will remain exactly that.

9         31. Plaintiffs do not seek appointment of a receiver to preserve the value of security or

10   interest in property to which Plaintiffs have or have shown any legal or contractual right.  Rather,

11   Plaintiffs are simple unsecured contract creditors seeking appointment of a receiver to preserve

12   for themselves the value of property to which they are ***not*** legally or contractually entitled.

13   Plaintiffs insistence that ***all*** of the Property's residual value serve as security for their potential

14   claims, which Plaintiffs now make no serious attempt to quantify even though they quantified

15   and negotiated security for those same potential claims less than two years ago, is revealing.

16   Plainly, Plaintiffs are motivated not by equity but by remorse.  Appointment of a receiver does

17   not secure "ample justice" for Plaintiffs because Plaintiffs are not justly entitled to demand that

18   property be appropriated from DeNovo and reserved for decades merely to secure Plaintiffs'

19   protectionist self-interests and peace of mind.

20        32. There is no justice, ample or otherwise, to be secured by appointing a receiver.  Quite

21   the contrary, the equities and balance of harms make clear that appointment of a receiver would

22   work a considerable injustice.

23        WHEREFORE, for the foregoing reasons, Defendant DeNovo Seattle LLC respectfully

24   requests entry of an order denying the Motion and granting such other and further relief as the

25   Court may deem just.

26        DATED this 1st day of February, 2016.

**OBJECTION TO MOTION FOR APPOINTMENT OF
RECEIVER** - 12
Case No. 2:16-CV-00065-RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51498247.4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*s/ Jack Cullen*
Jack Cullen, WSBA #7330
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400
Seattle, WA  98101-3299
Telephone: (206) 447-4400
Facsimile: (206) 447-9700
Email: jc@foster.com
*Attorneys for DeNovo Seattle LLC*

**OBJECTION TO MOTION FOR APPOINTMENT OF RECEIVER** - 13
Case No. 2:16-CV-00065-RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51498247.4

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington that on the 1ˢᵗ day of February, 2016, at Seattle, Washington, the foregoing was caused to be served on the following persons via Notice of Electronic Filing and by hand delivery:

Diana K. Carey
Karr Tuttle Campbell
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone No. (206) 223-1313
Facsimile No.: (206) 682-7100
Email: dcarey@karrtuttle.com
*Attorneys for Plaintiffs*

s/ Connie L. Brault
Connie L. Brault

OBJECTION TO MOTION FOR APPOINTMENT OF
RECEIVER - 14
Case No. 2:16-CV-00065-RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51498247.4